IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CV-36-D

| | | |
|---|---|---|
| BRYAN CHARLES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On July 11, 2012, Magistrate Judge William A. Webb issued a Memorandum and Recommendation ("M&R") [D.E. 39]. In the M&R, Judge Webb recommended that the court deny Bryan Charles Smith's ("Smith" or "plaintiff") motion for judgment on the pleadings [D.E. 35], grant Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 36], and affirm the final decision of the Commissioner. See M&R [D.E. 39] 10. On July 25, 2012, Smith filed objections to the M&R [D.E. 40]. On August 1, 2012, the Commissioner responded to the objections [D.E. 41].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, Smith's objections, and the Commissioner's response. As for those portions of the M&R to which neither party objected, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the disputed portions of the M&R. Under the Social Security Act, 42 U.S.C. § 405(g), a district court reviewing the Commissioner's final decision to award or deny disability benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence "is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), abrogated by implication on other grounds by Black &Decker Disability Plan v. Nord, 538 U.S. 822 (2003).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

The court has reviewed the M&R, the record, and the objections de novo. Smith contends that substantial evidence did not support the Administrative Law Judge's ("ALJ") conclusion that jobs exist in significant numbers in the national economy that Smith can perform, that substantial evidence did not support the hypothetical question that the ALJ posed to the vocational expert ("VE"), and that the ALJ did not give proper weight to the opinion of plaintiff's treating physician. See Pl.'s

2

Obj. [D.E. 40] 1–4. Judge Webb thoroughly considered each of these arguments in the M&R. See M&R 6–10. The court cannot add to Judge Webb's analysis. Smith also argues that the court cannot adequately review the Commissioner's decision because of deficiencies in the transcript of the hearing before the ALJ. See Pl.'s Obj. 3–4. Smith did not raise this argument in support of his motion for judgment on the pleadings, and, as a result, Judge Webb did not address it in the M&R. However, "[a]bsent an indication that the missing portion of the transcript would bolster [a claimant's] arguments or prevent judicial review, [the] [c]ourt will not remand a case based upon inaudible portions of the record." Williams v. Barnhart, 289 F.3d 556, 557–58 (8th Cir. 2002) (per curiam). Smith offers nothing to indicate how the missing testimony would help his case. Thus, this argument fails. Accordingly, the court overrules Smith's objections to the M&R.

In sum, Smith's objections to the M&R [D.E. 40] are OVERRULED, and the court adopts the M&R [D.E. 39]. Accordingly, Smith's motion for judgment on the pleadings [D.E. 35] is DENIED, the Commissioner's motion for judgment on the pleadings [D.E. 36] is GRANTED, and the Commissioner's final decision is AFFIRMED.

SO ORDERED. This 9 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge